IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

CARL C. FOSTER,

    Plaintiff,

v.                                                                           Case No. 2:14-cv-29206

U.S. SOCIAL SECURITY ADMINISTRATION OF
WEST VIRGINIA DISABILITY DETERMINATION SECTION,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

On December 2, 2014, the plaintiff, Carl C. Foster, filed a Complaint (ECF No. 2) and an Application to Proceed *in forma pauperis* (ECF No. 1).[1] This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

This is one of eight Complaints filed by the plaintiff in this federal court since August of 2014. The instant Complaint asserts that, in 2007, the plaintiff was diagnosed with affective and somatoform disorders and was found to be permanently disabled and awarded Social Security benefits. (ECF No. 2 at 1).[2] The plaintiff further alleges that he

---

[1] By separate Order, the undersigned has granted the plaintiff's Application to Proceed Without Prepayment of Fees and Costs.

[2] Portions of the plaintiff's Complaint appear to be challenging the process by which the Social Security Administration has determined the plaintiff's continued eligibility for benefits under 42 U.S.C. § 421. The undersigned takes judicial notice of the fact that the plaintiff's benefits were terminated as of January 15, 2015, and that he subsequently filed an appeal of that decision in this court (*Foster v. Berryhill*, Case No. 2:17-cv-02840), which remains pending before the Honorable Joseph R. Goodwin, United States District Judge. To the extent that the plaintiff's instant Complaint challenges, in any way, the plaintiff's disability determination or the eligibility review process, the undersigned will not address those matters herein.

is "continually harassed, demeaned, and threatened" by employees of the Social Security Administration's Disability Determination Section. (ECF No. 2 at 1). The Complaint further alleges that "this behavior is due to disability & religious discrimination also attainder and reprisal." (*Id.* at 2). The plaintiff's Complaint further states that he is alleging "collusion and RICO violations." (*Id.* at 3). However, the Complaint makes no specific request for relief.

## **STANDARD OF REVIEW**

Because the plaintiff is proceeding *pro se*, the court is obliged to construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

> A pleading which sets forth a claim for relief . . . shall contain <u>1) a short and plain statement of the grounds upon which the court's jurisdiction depends</u>, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a) (Emphasis added). A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

Additionally, pursuant to 28 U.S.C. § 1915(e)(2)(B), because the plaintiff is proceeding without prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal

conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556. * * *

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## **ANALYSIS**

The Complaint names the Social Security Administration Disability Determination Section (hereinafter the "SSA") as the sole defendant. It does not identify any individuals who allegedly engaged in the conduct generally complained of and it contains no specific factual allegations at all. Accordingly, pursuant to the dictates of *Twombly* and *Iqbal, supra*, the plaintiff's Complaint contains nothing more than labels and conclusions that are insufficient to give rise to any plausible claim for relief.

Moreover, as an arm of the federal government, the SSA has sovereign immunity from suit, unless Congress has specifically waived such immunity in the subject statute, or the defendant consents to suit. *See United States v. Mitchell*, 445 U.S. 535, 538 (1994); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996). Such a waiver must be "unequivocally expressed in statutory text" and "strictly construed . . . in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The instant Complaint does not allege any jurisdictional basis or specify any federal statutes or constitutional provisions under which this suit is being brought that would overcome sovereign immunity. Even liberally construing the plaintiff's threadbare

allegations to be raising claims of disability or religious discrimination, the plaintiff has not and cannot overcome the SSA's sovereign immunity on those claims, and such immunity is jurisdictional in nature. *See, e.g., Crowder v. True*, 845 F. Supp. 1250 (N.D. Ill. 1994) (the Americans with Disabilities Act ("ADA") does not contain a waiver of sovereign immunity and thus does not apply to the federal government); *Fellove v. Heady*, No. 3:05CV34, 2008 WL 4154844 (N.D. W. Va. Sept. 4, 2008) (same); *Joseph v. Soc. Sec. Admin.*, 2017 WL 1067804, *6 (E.D.N.Y., Feb. 28, 2017); *Spinale v. U.S. Dep't of Agric.*, 621 F. Supp.2d 112 (S.D.N.Y. 2009) (constitutional claims against federal agencies are barred by doctrine of sovereign immunity).

Similarly, to the extent that the plaintiff is alleging "collusion and RICO violations," the civil RICO statute, 18 U.S.C. § 1962, does not contain an express waiver of sovereign immunity, and every court that has addressed the issue has found that the federal government and its employees are immune from suit thereunder. *See, e.g., McLean v. Obama*, No. 15-8, 2015 WL 3966426, *2 (June 30, 2015) (containing list of sample cases holding that Congress did not waive sovereign immunity for civil RICO claims and that the United States and its agencies and employees are not subject to such suits). Thus, the defendant herein is immune from suit and this court lacks jurisdiction over the plaintiff's claims.

## **RECOMMENDATION**

Based upon the proposed findings contained herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 2), in its entirety, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and 28 U.S.C.§ 1915(e)(2)(B).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

November 3, 2017

Dwane L. Tinsley
United States Magistrate Judge